UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HAZEL MAE TURNER,<br><br>            Plaintiff,<br>     v.<br><br>NATIONAL FEDERATION OF FEDERAL EMPLOYEES, and DOES 1 through 25,<br><br>            Defendants. | Case No.: 12-CV-06285-LHK<br><br>ORDER REGARDING PLAINTIFF'S REQUEST TO RECONSIDER DISMISSAL |

## I.    BACKGROUND

Plaintiff Hazel Mae Turner ("Plaintiff") filed her complaint on September 13, 2012 in the Superior Court for the County of San Benito. Defendant National Federation of Federal Employees ("Defendant") removed this action to the instant court on December 11, 2012. ECF No. 1. On December 19, 2012, Defendant filed a Motion to Dismiss. ECF No. 8.[1] Pursuant to Civil Local Rule 7-3(a), Plaintiff's Opposition to the Motion to Dismiss was due on January 2, 2013. As of April 19, 2013, Plaintiff had not filed an Opposition or Statement of Non-Opposition to Defendant's Motion to Dismiss. Defendant's Motion to Dismiss was scheduled to be heard on April 25, 2013.

---

[1] Defendant filed an Amended Notice of Motion on December 20, 2012. ECF No. 9. The Amended Notice of Motion appears to add the time of the hearing to the first paragraph of the original Notice of Motion.

1

Case No.: 12-CV-06285-LHK
ORDER REGARDING PLAINTIFF'S REQUEST TO RECONSIDER DISMISSAL

1   In light of Plaintiff's failure to respond to the Motion to Dismiss, on April 19, 2013, the
2   Court ordered Plaintiff to show cause why this case should not be dismissed for failure to
3   prosecute. ECF No. 13 ("OSC"). In the OSC, the Court advised Plaintiff that Plaintiff was not
4   authorized to file an untimely Opposition to Defendant's Motion to Dismiss. The Court ordered
5   that Plaintiff file a response by May 3, 2013. The Court set a hearing on the OSC for May 8, 2013.
6   The Court also advised Plaintiff that if Plaintiff failed to respond to the OSC and failed to appear at
7   the May 8, 2013 hearing, Plaintiff's case would be dismissed without prejudice for failure to
8   prosecute.

On May 6, 2013, Plaintiff emailed defense counsel to request that the Court continue the
OSC hearing 3 weeks because Plaintiff needed to obtain permission in order to leave Kern County
and attend the hearing. On May 6, 2013, Defense counsel informed the Court of this request. Also
on May 6, 2013, Plaintiff filed a notice requesting a continuance of the OSC hearing. *See* ECF No.
16. The Court thus continued the OSC hearing from May 8, 2013 to June 19, 2013. *See* ECF No.
15. The Court also extended Plaintiff's deadline to file a response from May 3, 2013 to June 12,
2013. *See id.*

Plaintiff nevertheless failed to respond to the OSC. Plaintiff also did not appear at the June
19, 2013 OSC hearing. In light of Plaintiff's failure to respond to the OSC and failure to appear at
the OSC hearing, on June 21, 2013, the Court dismissed Plaintiff's case without prejudice for
failure to prosecute.

On approximately July 9, 2013, Plaintiff mailed to the Court a letter requesting that the
Court "rehear or reopen" her case. ECF No. 21. Plaintiff states that she did not attend the June 19,
2013 OSC hearing because she was required to provide the Kern County Sheriff's Office with 30
days written notice before traveling outside of the County. *See id.* Plaintiff did not provide the
Sheriff's Office with sufficient notice. *See id.*

## II. ANALYSIS

Plaintiff's letter essentially requests reconsideration of this Court's prior order dismissing
her case. Under Rule 60(b), reconsideration is permitted upon a showing of: "(1) mistake,
inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable

2

diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b). Relief under the sixth category "requires a finding of 'extraordinary circumstances.'" *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir.1985).

Pursuant to Northern District of California Local Rule 7-9(a), a party seeking to file a motion for reconsideration must first file a motion seeking leave of the Court to file the motion for reconsideration. Local Rule 7-9 provides that a motion for leave to file a motion for reconsideration shall be granted only if the moving party specifically shows: (1) a material difference in fact or law at the time of the motion for leave than what was presented to the Court before entry of the order for which reconsideration is sought, and the movant's previous ignorance of such fact or law despite reasonable diligence; (2) the emergence of new material facts or a change of law occurring after entry of the order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments previously presented. Civ. L.R. 7-9(b).

Plaintiff's failure to provide the Sheriff's Office with sufficient notice to attend the June 19, 2013 hearing does not provide a sufficient basis to reconsider this Court's Order dismissing her case. For example, this circumstance does not constitute a material difference in fact or law, nor a new material fact or a change of law occurring after entry of the order. *See* L.R. 7-9.[2] Accordingly, the Court DENIES Plaintiff's request for reconsideration of the Court's order dismissing her case.

**IT IS SO ORDERED.**

Dated: July 16, 2013

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[2] Moreover, the Court notes that the Court did not dismiss Plaintiff's case solely because of her failure to appear at the June 19, 2013 hearing. Plaintiff's case was also dismissed because she failed to file a response to the OSC explaining why she failed to respond to Defendant's Motion to Dismiss and why this case should not be dismissed for failure to prosecute.